UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND STIPP,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>　　　　　Defendants. | 1:17-cv-01074-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM, WITHOUT PREJUDICE TO FILING A PETITION FOR WRIT OF HABEAS CORPUS**<br>**(ECF No. 1.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS** |

## I. BACKGROUND

Raymond Stipp ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On July 11, 2017, Plaintiff filed the Complaint commencing this action at the United States District Court for the Central District of California. (ECF No. 1.) On August 9, 2017, the case was transferred to this court. (ECF No. 7.) Plaintiff's Complaint is now before the court for screening. 28 U.S.C. § 1915A.

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III.  PLAINTIFF'S ALLEGATIONS

Plaintiff is presently incarcerated at Corcoran State Prison in Corcoran, California. The events at issue in the Complaint allegedly occurred at Kern Valley State Prison (KVSP) in Delano, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants Edmund G. Brown, Jr. (Governor of California), R. Tolson (Warden, KVSP), D. Stibbins (Associate Warden, KVSP), and M. Voong (Chief of Appeals, CDCR) (collectively, "Defendants").

Plaintiff's allegations follow. On August 18, 2016, at KVSP, correctional officers conducted a search in the cell occupied by Plaintiff and his cell mate, inmate Hernandez. Officer J. Rodriguez [not a defendant] found two mobile phones, which are contraband.

Plaintiff had no knowledge that the phones were in the cell.

Plaintiff was issued a Rules Violation Report (RVR) for possession of the phones. On September 28, 2016, a disciplinary hearing was held. Plaintiff asked for inmate Hernandez to be his witness in the hearing. Plaintiff was denied his witness because he [Plaintiff] was in protective custody at the time, and the hearing proceeded. The Senior Hearing Officer cited no California Penal Code but used "state law" and the title heading "Due Process" to deem Plaintiff guilty. Plaintiff contends that the Hearing Officer's failure to cite law in the action against him violates the Fourteenth Amendment. Plaintiff was found guilty and forfeited a credit loss of 90 days.

Plaintiff seeks the following relief:

1. Reversal of the guilty finding;
2. Restoration of all 90 days of forfeited credit loss;
3. Expungement of the disciplinary conviction; and
4. Award of compensatory damages for lost property in the amount of $157.00.

## IV. PLAINTIFF'S CLAIMS -- HABEAS CORPUS

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if

///

successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).

Plaintiff's Complaint does not contain any allegations showing that the finding of guilt which resulted in his forfeiture of ninety days of credits has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585. Here, Plaintiff's claims, either directly or indirectly, challenge the duration of his confinement, a challenge which may be brought only in a petition for a writ of habeas corpus. Thus, Plaintiff is barred by Heck and Edwards from pursuing any claims under § 1983 concerning the process he was provided which resulted in the forfeiture of credits.

## V.      CONCLUSION AND RECOMMENDATIONS

The court has found that Plaintiff's Complaint fails to state a § 1983 claim upon which relief can be granted, and that Plaintiff is barred by Heck and Edwards from pursuing any claims under § 1983 concerning the process he was provided which resulted in the forfeiture of credits. Therefore, Plaintiff's Complaint should be dismissed, without prejudice to filing a petition for writ of habeas corpus.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Complaint be DISMISSED for failure to state a § 1983 claim, without prejudice to filing a petition for writ of habeas corpus; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **June 26, 2018**                    **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE